UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00047-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     TOBIAS LOPEZ-HERMOSILLO,
        a/k/a "Toby,"
2.     RAFAEL VALDIVIA-LOMELL,
        a/k/a "Rafa,"
3.     JESUS ALVARADO-MENDEZ,
        a/k/a "Chucky,"
4.     ISMAEL CORDOVA-FRIAS,
5.     MAHDI GARY,
        a/k/a "Jimbo,"
6.     DERRICK GREGORY,
        a//k/a "DG,"
7.     NICOLE GREGORY,
8.     DARRYL HICKEY,
        a/k/a "Twin,"
9.     TAIRA HOLLIDAY,
10.    DORIAN JONES,
        a/k/a "St. Louis,"
11.    ALEJANDRO JURADO-GARCIA,
        a/k/a "The Mechanic,"
12.    JORGE MIRELES-MONSIVAIS,

        Defendants.

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL AND RULE 16 MATERIAL

THIS MATTER comes before the Court on the Government's Unopposed Motion for Protective Order Regarding Jencks Act Material and Rule 16 Material (Motion) **(#135)** filed April 27, 2012, concerning the use, custody, and circulation of Jencks Act material, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named

defendants. See Title 18 U.S.C. § 3500; Fed. R. Crim. P.16(a)(2), 26.2 and 49.1; Giglio v. United States, 405 U.S. 150 (1972); United States v. Ruiz, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

The Government informs the Court that the underlying investigation involved a court ordered wiretap investigation, confidential human sources, undercover contacts and surveillance activities which generated digitally recorded images or audio files. In light of the general principles of liability for the reasonably foreseeable misconduct of others under the rationale of cases like Pinkerton v. United States, 328 U.S. 640 (1946), and principles for the determination of relevant offense conduct under U.S. Sentencing Guidelines Section 1B1.3, the Government advises the Court that the various defendants likely have an interest in learning of the Rule 16 discovery of their codefendants. In order to disclose such material in a manner consistent with the purposes of the Federal Rules of Criminal Procedure, the Government is asking the Court to enter the present order for the management of this case.

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns the Rule 16, and Jencks Act protected documents, such as audio files and/or video files (including transcripts) of the confidential informant(s), photographs, witness statements and reports of statements of witnesses or persons assisting law enforcement, and Grand Jury transcripts shall not be left in the exclusive custody of a defendant

or be published outside of official proceedings in this case.[1] The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of recordings or certain written documents, possibly to include photographs or personal identifying information reflected in NCIC/CCIC types of reports, or other records which may be disclosed to the defense in the context of general pretrial discovery.

The Court finds and concludes that the concerns expressed have merit, that the burden on the defense of controlling the dissemination of such material is not unreasonably onerous, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.

Being now sufficiently advised in the premises, the Court finds and concludes it is in the best interests of justice to grant the Government's motion.

**THEREFORE, IT IS ORDERED** as follows:

The Government's Motion for Protective Order for Jencks Act, Rule 26.2 and Rule 16 Material filed April 27th, 2012, is **GRANTED**. Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, to include audio and/or video files (including transcripts), photographs, personal identifying information such as addresses, dates or birth, and social security numbers for witnesses or other persons, any NCIC/CCIC reports, similar records furnished to the defense by the Government, and Grand Jury transcripts, in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

---

[1] Discovery materials may be reviewed individually by in-custody defendants at their detention facilities through read-only files and while the discovery remains in the control of the detention facility.

Further, Jencks Act material reflecting the personal identifying information described above, to include records showing statements by witnesses, reports of witness statements or debriefing statements, audio files and/or video files (including transcripts) of the confidential informant(s), photographs, criminal history documents, or transcripts of Grand Jury testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case, members of the defense attorneys confidential staff, a professional defense investigator working with the defense attorneys, a confidential assistant employed by the defense attorneys, or a CJA approved expert witness. Such Rule 16, and Jencks Act material shall not be left in the exclusive custody of the defendant (other than as proscribed by the read-only materials at the detention facilities). The defendant, witnesses, and other persons assisting the attorneys for the defendant may review the Rule 16, and Jencks Act material, but such review must be accomplished without violating the rule that the described Rule 16, and Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of members of the defense attorney's confidential staff, a professional defense investigator working with the defense attorneys, a confidential assistant employed by the defense attorneys, or a CJA approved expert witness.

Where a defendant has been detained before trial pursuant to Title 18 U.S.C. Section 3142 or 3145, the parties are directed to coordinate with the U.S. Marshal Service to coordinate the reasonable availability of the above described pretrial discovery material by use of read-only facilities under the custody and control of the warden, sheriff, or superintendent of the facility where the defendant is being detained before trial. Such facilities must not allow a defendant to e-mail or duplicate the material.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or until it is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement.

In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 16 material, and Jencks Act material, NCIC/CCIC records, audio files, video files, and photographs may be returned to the Government.

DATED this 30th day of April, 2012.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge